UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIM Y. TREVILLION,

    Plaintiff,

    v.

HARRY E. DILLON,

    Defendant(s).

_____/

No. C 11-4474 PJH

**ORDER OF DISMISSAL**

The court is in receipt of plaintiff's Closure of Case, filed on December 8, 2011. Plaintiff states therein that she requests that the present "cause of action" be closed and all court appearances scheduled for January and February 2012 "removed from the docket." The court construes plaintiff's filing as a voluntary notice of dismissal, and accordingly, GRANTS dismissal of the instant action, without prejudice.

To the extent that plaintiff's notice goes beyond a request for dismissal and delineates "reasons for case closure" that include claims of "racial bias" and "favoritism" by the undersigned, as well as other assertions that the undersigned "condones" discrimination and other unlawful conduct by defendant, the court construes such statements as a request for recusal. However, plaintiff has failed to file any affidavit detailing any alleged bias or other grounds for recusal, which is enough to warrant dismissal of the motion as legally insufficient without even reaching the merits of plaintiff's assertion. Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir. 1981). Even if the court construes plaintiff's motion as constituting the affidavit under the liberal pleading standards afforded to pro se litigants, plaintiff's claims of bias and favoritism are largely incomprehensible, and devoid of merit. Nowhere does plaintiff provide any detail or factual

recitations regarding the manner in which plaintiff has had her legal rights purportedly violated by the undersigned, nor does plaintiff provide any supporting or detailed facts for any of her conclusions of bias. Accordingly, even assuming a proper motion for recusal before the court, plaintiff has failed to establish any basis for a determination that the court has a personal bias or prejudice against them, or that the court's impartiality might reasonably be questioned. See U.S. v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980)(holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that " stems from an extrajudicial source").  Consequently, plaintiff's claims of bias, favoritism, and other impermissible conduct by the undersigned, is untenable.

In sum, however, the instant action is DISMISSED.  No further filings by plaintiff shall be made in the instant action.

**IT IS SO ORDERED.**

Dated: January 6, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge